# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| AMERICAN RELIABLE INSURANCE CO., <br><br> Plaintiff, <br><br> vs. <br><br> WILLIAM RODRIGUEZ et al., <br><br> Defendants. | 3:17-cv-00740-RCJ-WGC <br><br> **ORDER** |

This case arises out of a dispute over the duty of an insurer to defend a state court lawsuit. Pending before the Court is a motion for summary judgment.

## I. FACTS AND PROCEDURAL HISTORY

In 2017, Defendant Gaetan Pelletier sued, *inter alios*, Defendants William and Judy Rodriguez in this District (Case No. 3:17-cv-642-MMD) for breach of contract, fraud, and other claims related to the sale of the Clover Valley Ranch ("the Pelletier Action"). (Compl. ¶¶ 11–12, ECF No. 1). Plaintiff American Reliable Insurance Co. ("ARIC") has been defending the Pelletier Action under a reservation of rights and has now separately sued the Rodriguezes, Pelletier, and Pelletier RE Investments, LLC ("PRE LLC") in this Court for a declaration that it has no duty to defend the Pelletier Action under ARIC Policy No. FRP 17504007 ("the Policy"). Plaintiff has moved for offensive summary judgment.

## II. SUMMARY JUDGMENT

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court uses a burden-shifting scheme. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citation and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.

If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute,

the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50. Notably, facts are only viewed in the light most favorable to the nonmoving party where there is a genuine dispute about those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007). That is, even if the underlying claim contains a reasonableness test, where a party's evidence is so clearly contradicted by the record as a whole that no reasonable jury could believe it, "a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

### III. ANALYSIS

#### A. The Policy

The interpretation of an insurance contract is a question of law. *Farmers Ins. Exch. v. Neal*, 64 P.3d 472, 473 (Nev. 2003). Coverages are to be construed broadly to afford the insured

the greatest possible coverage. *Cranmore v. Unumprovident Corp.*, 430 F. Supp. 2d 1143, 1149 (D. Nev. 2006) (citing *United Nat'l Ins. Co. v. Frontier Ins. Co.*, 99 P.3d 1153, 1156–57 (Nev. 2004)) (Pro, J.).  Policies are construed from the perspective of a layman rather than from "one trained in the law," and absent ambiguity, terms are to be given their plain and ordinary meanings. *McDaniel v. Sierra Health & Life Ins. Co.*, 53 P.3d 904, 906 (Nev. 2002).  An ambiguity exists when a policy provision is subject to two or more reasonable interpretations. *Grand Hotel Gift Shop v. Granite State Ins. Co.*, 839 P.2d 599, 604 (Nev. 1992).  If the ambiguity cannot be resolved, the contract is to be construed against the insurer and in favor of the insured. *Estate of Delmue v. Allstate Ins. Co.*, 936 P.2d 326, 328 (Nev. 1997).

The Policy contains liability coverages, including "Coverage G - Farm and Personal Liability," which is at issue here:

> If a claim is made or a suit is brought against any insured for damages because of "bodily injury", "property damage" or "personal injury" caused by an occurrence to which this coverage applies, we will:
>
> 1. pay up to our limit of insurance the compensatory damages for which the insured is legally liable; and
>
> 2. provide a defense at our expense by counsel of our choice.  We may make any investigation and settle any claim or suit as we see fit.  Our obligation to defend any claim or suit ends when the amount we pay for damages resulting from the occurrence equals our limit of insurance.

(Policy 16, ECF No. 1-3, at 62).  Coverage G is subject to certain exclusions:

> Coverage G and H do not apply to bodily injury or property damage or personal injury:
>
> . . . .
>
> 5. which is expected or intended by the insured;
>
> . . . .
>
> COVERAGE G – FARM AND PERSONAL LIABILITY

Coverage G does not apply to:

. . . .

7. Punitive or exemplary damages, of any kind or nature. However if defense is provided in accordance with policy provisions, we will also defend against non-covered punitive damages when claimed along with compensatory damages.

(*Id.* 17–19, ECF No. 1-3, at 63–65). "'Bodily injury' means bodily harm, sickness or disease. It includes required care, loss of services and resulting death. 'Bodily injury: [sic] does not mean bodily harm, sickness, disease, or death that arises out of . . . mental or emotional injury, suffering, or distress that does not result from physical injury . . . ." (*Id.* 22, ECF No. 1-3, at 68). "'[P]ersonal injury' means injury including bodily or mental harm, caused by one or more of the following acts: false arrest; false detention; false imprisonment; malicious prosecution; libel; slander; defamation; invasion of privacy; wrongful entry; or wrongful eviction." (*Id.* 24, ECF No. 1-3, at 70). "'[P]roperty damage' means physical injury to or destruction of tangible property. It includes loss of use of this property." (*Id.* 24, ECF No. 1-3, at 70). ARIC argues that there is no coverage under the Policy for the claims in the Pelletier Action, because those claims do not constitute bodily injury, property damage, or personal injury as defined under the Policy, and that the exclusion for expected or intended injury applies, anyway.

### B. The Claims in the Pelletier Action[1]

#### 1. Breach of Contract

There is unambiguously no coverage under the Policy for breach of contract claims, which do not constitute bodily injury, property damage, or personal injury as defined under the Policy.

---

1 (*See* Am. Compl., ECF No. 23 in Case No. 3:17-cv-642).

### 2. Negligence and Gross Negligence

There is unambiguously no coverage under the Policy for the negligence-type claims pled in the Pelletier Action, which do not constitute bodily injury, property damage, or personal injury as defined under the Policy. Although a properly pled negligence claim alleges injury to a person or property, the negligence claims in the Pelletier Action allege only economic harm. They are likely not viable for that reason—the allegations read like a classic "negligent performance of a contract"-type claim that courts have consistently refused to entertain—but that issue is not ultimately for this Court. *See Tahoe Aviation, LLC v. Douglas Cnty.*, NO. 3:15-cv-162, 2015 WL 3467052, at *4 (D. Nev. June 1, 2015) (citing *Terracon Consultants W., Inc. v. Mandalay Resort Grp.*, 206 P.3d 81, 87 (Nev. 2009)). Here, the Court simply rules that the claims as pled do not implicate ARIC's duty to defend under the Policy. The Court rejects the argument that the Pelletier Action alleges property damage as defined under the Policy because of the allegations that the property was in disrepair. That is a matter of breach of contract or fraud, not damage caused by the insureds to property owned by another at the time the other party owned it.

### 3. Fraud

There is unambiguously no coverage under the Policy for the fraud-type claims pled in the Pelletier Action, which do not constitute bodily injury, property damage, or personal injury as defined under the Policy. The definition of "personal injury" includes several torts that do not necessary result in physical harm to a person or property, e.g., slander and invasion of privacy, but fraud and misrepresentation are absent from that list. The intent to exclude fraud-type claims from coverage is therefore unambiguous.

///

### 4. Slander

There is unambiguously coverage under the Policy for the slander claim pled in the Pelletier Action, which explicitly constitutes personal injury as defined under the Policy. But the slander claim in the Pelletier Action is not made against either of the Rodriguezes. It is only made against non-party James Middagh.

### 5. Civil Conspiracy

There is unambiguously no coverage under the Policy for the conspiracy claim pled in the Pelletier Action, which does not constitute bodily injury, property damage, or personal injury as defined under the Policy. The definition of "personal injury" lists several specific torts that do not necessary result in physical harm to a person or property, but conspiracy is absent from this list. Although it is therefore unambiguous that the Policy does not provide coverage against every conspiracy claim, it is ambiguous whether the Policy provides coverage for conspiracies to commit acts resulting in bodily injury, property damage, or personal injury. Here, that might implicate the slander claim in the Pelletier Action if that claim had been brought against either of the insureds, but it has not been.

///

///

///

///

///

///

///

///

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 23) is GRANTED IN PART and DENIED IN PART. Plaintiff shall within fourteen (14) days submit a proposed judgment to the effect that Plaintiff need not under the Policy defend or indemnify the Rodriguez Defendants in the Pelletier Action. Plaintiff must move for default judgment as to the Pelletier Defendants.

IT IS SO ORDERED.

Dated this 8th day of August, 2018.

_____
ROBERT C. JONES
United States District Judge