**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AMERICAN RELIABLE INSURANCE CO., | |
| Plaintiff, | 3:17-cv-00740-RCJ-WGC |
| vs. | **ORDER** |
| WILLIAM RODRIGUEZ et al., | |
| Defendants | |

This is an action by an insurer for a declaration that it has no duty to defend an underlying action. The Court granted the insurer's opposed motion for summary judgment. The insurer has now moved for a default judgment against the two remaining Defendants, who have defaulted.

**I.     FACTS AND PROCEDURAL HISTORY**

In 2017, Defendant Gaetan Pelletier sued Defendants William and Judy Rodriguez in this District (Case No. 3:17-cv-642-MMD) for breach of contract, fraud, and other claims related to the sale of the Clover Valley Ranch ("the Pelletier Action"). (Compl. ¶¶ 11–12, ECF No. 1). Plaintiff American Reliable Insurance Co. ("ARIC") has been defending the Pelletier Action under a reservation of rights and has now separately sued the Rodriguezes, Pelletier, and Pelletier RE Investments, LLC ("PRE LLC") in this Court for a declaration that it has no duty to defend

the Pelletier Action under ARIC Policy No. FRP 17504007 ("the Policy"). Plaintiff moved for offensive summary judgment. The Court granted the motion. The Clerk has entered the defaults of the remaining Defendants, Gaetan Pelletier and Pelletier RE Investments, LLC, and Plaintiff has asked the Court to enter a default judgment against them.

**II. LEGAL STANDARDS**

Obtaining default judgment is a two-step process under Rule 55. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *see also* Fed. R. Civ. P. 55. First, the clerk must enter the party's default. Fed. R. Civ. P. 55(a). The party seeking default judgment must then petition the court for a default judgment. *Id.* at 55(b)(2). "A grant or denial of a motion for the entry of default judgment is within the discretion of the court." *Lau Ah Yew v. Dulles*, 236 F.2d 415, 416 (9th Cir. 1956). Default judgments are generally disfavored, so courts should attempt to resolve motions for default judgment to encourage a decision on the merits. *See id.* (citing *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001)). A court considers seven factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72.

**III. ANALYSIS**

    **A. Possibility of Prejudice to the Plaintiff**

The first factor favors default judgment where the plaintiff will suffer prejudice if default judgment is not entered. *See McMillen*, 205 F.R.D. at 558. Simply delaying the resolution of the case is not prejudicial under this standard. *See TCI Grp. Life Ins. Plan*, 244 F.3d at 701. "Rather, 'the standard is whether [the plaintiff's] ability to pursue the claim will be hindered.'" *Id.*

(quoting *Falk v. Allen*, 739 F.2d 461, 462 (9th Cir. 1984)); *see also Rockstar, Inc. v. Rap Star 360 LLC*, No. 2:10-cv-179, 2010 WL 2773588, at *2 (D. Nev. July 8, 2010) (citing *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)) (entering default judgment where defendant did not appear in court before or after the Clerk's entry of default); *MATSCO v. Hang D.D.S., Prof. Corp.*, No. 2:09-cv-2242, 2010 WL 2681807 (D. Nev. July 1, 2010) (entering default judgment because plaintiffs continued to fail to make any appearance in court for four months); *Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, Nos. 2:05-cv-1532 & 2:06-cv-101, 2008 WL 2699701, at *5 (D. Nev. July 2, 2008) (entering default judgment because destroying evidence in discovery gives plaintiffs no other recourse if default judgment is not entered).

Plaintiff here will not suffer prejudice in the absence of a default judgment against the defaulted Defendants, because Plaintiff has already won summary judgment against the Defendants to whom it had been tendering a defense in the underlying action. The defaulted Defendants are not alleged to be insureds under the Policy but are in fact the plaintiffs suing the insured Defendants in the underlying action and were likely named as Defendants in the present case out of an abundance of caution. This factor weighs against a default judgment.

**B.      The Merits of the Claim and the Sufficiency of the Complaint**

The third factor favors default judgment if the Plaintiff makes enough factual allegations to state a claim upon which relief can be granted, in accordance with Rule 8(a). *Eitel*, 782 F.2d at 1471; *see also Rockstar*, 2010 WL 2773588, at *2 (citing *Danning v. Lavine*, 572 F.2d 1386, 1389 (9th Cir. 1978)). In evaluating this standard, all factual allegations in the complaint should be taken as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). A court should only look at whether the complaint sufficiently states a claim for relief under Rule 8, not whether the claim would actually prevail at trial. *Rockstar*, 2010 WL 2773588, at *2. Here, the claim is

facially sufficient.  Plaintiff in fact won a contested offensive summary judgment motion against the two Defendants with the strongest motivation to oppose it, so the second factor—the merits of the substantive claim—favors a default judgment, as well.  These factors strongly favor a default judgment.

### C. The Sum of Money at Stake

The fourth factor mitigates against default judgment when there is a substantial amount of money involved. *Eitel*, 482 F.2d at 1472.  The court compares the "the amount of money at stake in relation to the seriousness of [the d]efendants' conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176.  Here, no money is directly at stake.  The action was simply for a declaration.  And the defaulted Defendants will not be affected—they are the plaintiffs in the underlying action, not the defendants.  This factor weighs in favor of a default judgment.

### D. The Possibility of a Dispute Concerning Material Facts

The fifth factor mitigates against default judgment where there is a "possibility of a dispute concerning material facts." *Eitel*, 782 F.2d at 1471-72.  Here, this factor strongly favors a default judgment, because the Court has summarily adjudicated the claims on the merits in favor of Plaintiff.

### E. Excusable Neglect

The sixth factor favors a default judgment where the default was not due to excusable neglect. *Eitel*, 782 F.2d at 1472.  "A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer." *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987) (analyzing "excusable neglect" under Rule 60(b)(1)).  There is no excusable neglect in this case.  The defaulted Defendants were served and are presently pursuing the underlying actions in another court of this District as the plaintiffs.

### F. The Strong Policy Favoring Decisions on the Merits

There is a strong policy in the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1472. Yet the "mere existence of [Rule 55(b)] indicates that this 'preference, standing alone, is not dispositive.'" *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. However, if it is reasonably possible for a case to be decided on the merits, it should be. *Eitel*, 782 F.2d at 1472 (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). Therefore, if "movant has a meritorious defense, doubt, if any, should be resolved" against default judgment. *Pena*, 770 F.2d at 814 (citation omitted). This factor is of little weight under the present circumstances, because the Court has already adjudicated the claim on the merits in favor of Plaintiff and against those Defendants with the strongest motivation to defend it.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Default Judgment (ECF No. 40) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter the Judgment (ECF No. 39); enter default judgment against Gaetan Pelletier and Pelletier RE Investments, LLC; and close the case.

IT IS SO ORDERED.

Dated this 28th day of August 2018.

_____
ROBERT C. JONES
United States District Judge